Opinion of the Court, by
Ch. J. Boyle.
THIS is a writ of error to a decree of the general court, for carrying into effect a decree of the court of appeals in favor of M’Nitt against Logan, for the moiety of a pre-emption of 1,000 acres of land. A number of errors are assigned; such of them as require consideration, will be noticed in their proper order.
The first is, “that the court erred in decreeing Logan to convey the moiety of M’Nitt’s pre-emption which was conveyed to him by Lewis Craig, with warranty against himself and those claiming under him, the decree of the court of appeals not having directed such a conveyance.”
The decree of the court of appeals was, that the general court should enter up a decree in favor of M’Nitt, against Logan, for that moiety of a pre-emption of 1,000 acres, in the proceedings mentioned, which was held by Logan; and that the court should make such further orders and decrees as might be necessary for carrying the opinion into complete effect.
It is obvious, that the court of appeals intended, only, to settle the main points of controversy between these parties, and leave to the court below the right of making such further order and decree as the subject in contest should require. But if such is not the import *120 of the opinion, it is clear the inferior court, according to rules of chancery proceeding, had a right to add in the detail, that which was necessary to effectuate the right of the successful party in the subject decreed, if there be nothing in the opinion of the court of appeals to negative that power. To the full and complete enjoyment of the property which had just been decreed M’Nitt, and for quieting future controversies, it was necessary Logan should convey with warranty against himself and those claiming under him.
The second assignment of error is too general to require notice.
The third is, “that the court erred in setting aside the order appointing commissioners to assess the value of improvements, rents, &c. upon the ex parte application of the defendant, M’Nitt.”
This is incorrect in point of fact; the parties were both present; after which, the cause was, by consent, submitted to the court for final decree; nor does it appear there were any objections made by Logan to rescinding the order. It is not conceived to be the duty of the court, ex officio, to appoint commissioners. The rents, and the value of the improvements, may, in the estimation of the parties, be so nearly equal, that they would not encounter the expence, for the advantage that might accrue from an assessment. For aught that appears to the contrary, such might have been the understanding of these parties. That every one has a right to renounce that which was intended for his benefit, is perfectly clear. The order appointing commissioners having been made on the application of M’Nitt, he had a right to waive the benefit of it, if in doing so it worked no injury to Logan. If any injury has accrued, there is nothing in the record which shows it.
The fourth and sixth assignments of error are, in substance, embraced in the one just answered, and require no further notice. The fifth, questions the correctness of the order directing a survey, and the survey made thereon. A survey was certainly necessary, not only to enable the court to point out, with precision, the land to be conveyed, but to detect any evasion in carrying their decree into execution. If the survey was erroneous, and contained land not embraced by the decree, that, like other matters of fact, should have been supported by proof, upon exceptions to the report; for *121 without such proof, we must suppose it was made conformably to the decree.
The seventh and eighth assignments of error go to questions which were decided by the former decree of this court; and, whether right or wrong, we cannot now determine.
The ninth assignment is, that “ the court erred in not quashing the writ of habere facias possessionem, on the motion of Logan.” The causes assigned for quashing the writ of possession, were matters dehors the writ, and, so far as appears from the record, were wholly unsupported by proof; so that if we could, in this writ of error, enquire into the correctness of that judgment, (which we think extremely questionable,) it would afford no grounds to reverse the judgment.
Judgment affirmed with costs.